RICHARD J. BIRMINGHAM, WSBA No. 8685
CHRISTINE HAWKINS, WSBA No. 44972
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700
Email:  richbirmingham@dwt.com
Email:  christinehawkins@dwt.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OREGON POTATO COMPANY, a Washington State Corporation; and the OREGON POTATO COMPANY GROUP BENEFITS PLAN, | No. |
| Plaintiffs, | COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES |
| v. | |
| DARRELL STRONG, individually, and his marital community, MARSH & McLENNAN AGENCY LLC, a Washington Limited Liability Company; and DWS HOLDINGS LLC, a Washington Limited Liability Company, d/b/a PINNACLE PEAK CONSULTANTS and DEDUCTIBLE REIMBURSEMENT COMPANY, | |
| Defendants. | |

Plaintiffs Oregon Potato Company ("OPC") and the Oregon Potato Company Group Benefits Plan (the "Plan"), by and through undersigned counsel, for their Complaint for Equitable Relief and Damages against Darrell Strong,

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 1

Marsh & McLennan Agency LLC, and DWS Holdings LLC d/b/a Pinnacle Peak Consultants and Deductible Reimbursement Company (the "Defendants") hereby allege and state as follows:

## I.    INTRODUCTION AND PARTIES

1.1    Plaintiff Oregon Potato Company, referred to herein as "OPC", is a Washington corporation and its principal business address is: 6610 W. Court Street, Suite B, Pasco, Washington 99301. OPC brings this lawsuit in its capacity as the Plan Sponsor and Plan Administrator, as those terms are defined by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), of the Oregon Potato Company Group Benefits Plan (the "Plan").

1.2    The Plan is a group welfare plan that provides medical and prescription drug benefits, a health reimbursement arrangement, a minimum essential coverage plan, a health flexible spending account, dental, vision, group life, accidental death and dismemberment benefits, and short-term and long-term disability benefits.

1.3    The Plan is funded through a guaranteed level premium arrangement established and managed by the Defendants. The funding involves a combination of insurance and contributions by both the Plan participants and OPC.

1.4    The Plan is subject to ERISA. Pursuant to ERISA section 502(d)(1), 29 U.S.C. § 1132(d)(1), the Plan is an entity with the power to bring a lawsuit. Of particular concern in this lawsuit are the medical and prescription drug benefits component of the Plan ("ERISA Medical Plan") and the health reimbursement arrangement component of the Plan ("ERISA HRA").

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1.5     OPC and the Plan are collectively referred to as the Plaintiffs.

1.6     Upon information and belief, Darrell Strong ("Strong") is an individual who resides in Eastern Washington. He is an advisor and service provider to the Plan.

1.7     Strong has exercised discretionary authority over the Plan by controlling the banking and management relationships of the Plan. Strong has also exercised discretionary authority over Plan funds by taking custody of approximately $870,000 of Plan assets and by refusing to release such funds to pay benefits to participants in the ERISA Medical Plan and ERISA HRA components of the Plan.

1.8     By exercising discretionary authority, Strong is an ERISA fiduciary within the meaning of ERISA section 3(21), 29 U.S.C. § 1002(21), as he has both exercised control over the management of the Plan and has exercised control over the assets of the Plan.

1.9     As both a fiduciary and a service provider to the Plan, Strong is also a "party-in-interest" within the meaning of ERISA section 3(14), 29 U.S.C. § 1002(14).

1.10    Strong was an owner of PayneWest Insurance Company before it was purchased by Marsh & McLennan Agency LLC ("Marsh & McLennan"). On information and belief, Strong maintains a consulting and broker arrangement with Marsh & McLennan and its affiliate, PayneWest Insurance Inc.

1.11    DWS Holdings LLC ("DWS") is a holding company, and a Washington state limited liability company, owned and controlled by Strong as its

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

sole owner. Its business location is 5 Buttercup Ct., Pasco, Washington 99301. DWS has performed services and exercised control over the assets of the Plan and the management and operations of the Plan both directly and through its d/b/a, Pinnacle Peak Consultants ("Pinnacle Peak") and Deducible Reimbursement Company ("DRC"), referred to together as "DWS".

1.12   DWS is an ERISA fiduciary within the meaning of ERISA 3(21), 29 U.S.C. § 1002(21), as it has exercised control over the management of the Plan and has exercised control over the assets of the Plan by processing and disbursing claims and benefits under the ERISA HRA and controlling the banking relationships involving the assets of the Plan, including without limitation the assets of the ERISA Medical Plan and the ERISA HRA.

1.13   As a service provider to the Plan, DWS is also a "party-in-interest" within the meaning of ERISA section 3(14), 29 U.S.C. § 1002(14). Its party-in-interest status is noted on the Plan's publicly filed Internal Revenue Service (IRS) Form 5500 and for Plan Year 2023, DWS received $1,718,000 for providing contract administration services to the Plan. In addition, DWS received another $203,136 for claims administration services performed through DRC for total fees of $1,921,136. See 2023 Form 5500, attached to this Complaint as **Exhibit 1**.

1.14   Marsh & McLennan provides brokerage and consulting services to the Plan and has provided such services through its affiliated entity, PayneWest Insurance Inc. (hereafter, collectively "Marsh & McLennan"). Marsh & McLennan's business location is 390 Bradley Blvd., Richland, Washington 99352.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 4

As a service provider to the Plan, Marsh & McLennan is a "party-in-interest" within the meaning of ERISA section 3(14), 29 U.S.C. § 1002(14).

1.15   In 2023, Marsh & McLennan and Strong made a presentation to OPC to encourage OPC to switch from a fully insured plan structure to a level funded plan. See PowerPoint attached as **Exhibit 2** to this Complaint.

1.16   Marsh & McLennan and Strong represented that the amount OPC would pay to the Plan would be guaranteed for two years. See email attached as **Exhibit 3** to this Complaint.

1.17   The change in the Plan design from a fully insured plan to a guaranteed level funded plan caused excessive fees to be paid to Strong and DWS at the expense of Plan participants who did not receive the medical benefits for the guaranteed premium paid.

1.18   Marsh & McLennan, as a service provider and party-in-interest, caused OPC to enter into an excessive fee transaction prohibited by ERISA section 406, 29 U.S.C. § 1106.

1.19   Strong, individually, and his marital community, Marsh & McLennan Agency LLC, and DWS Holdings LLC, d/b/a Pinnacle Peak Consulting and Deductible Reimbursement Company are collectively referred to as Defendants.

## II.    NON-PARTIES

2.1   The Cicotte Law Firm charged the Plan, not OPC, a participant fee to ensure ERISA compliance. As such, all communications between the Cicotte Law Firm and Strong, DWS, and any other person or entity that relate to the Plan or duties to the Plan are not privileged as such services were performed on behalf of

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

the Plan participants that hold the privilege and such participants are entitled to all such communications under the fiduciary exception to attorney-client privilege.

2.2    Vimly Benefit Solutions, Inc. ("Vimly") provides administrative services to the Plan. It handles enrollment and termination and other changes in coverage. It collects funds from OPC and then disburses those funds to various service providers to the Plan. On information and belief, the fees Vimly disburses to DWS are an aggregate dollar amount and Strong exercises discretion as to how such funds are allocated between medical claims, HRA claims, and other fees and expenses, as he controls the management and banking relationships of the Plan.

2.3    Breckpoint Insurance ("Breckpoint") is the Plan's stop loss carrier. Strong was engaged to manage the stop loss insurance to ensure adequate coverage and timely payment to provide guaranteed level funding.

2.4    Premera is the third party administrator and adjudicates the payment of the medical claims and has established a network of medical providers. Strong deposits funds received from Vimly into an account established to hold funds on behalf of the Plan. Strong transfers such funds to Premera to be utilized for the payment of participant claims.

### III.    JURISDICTION AND VENUE

3.1    Plaintiffs bring this action pursuant to 29 U.S.C. § 1132(a), which provides that fiduciaries to a plan may pursue a civil action on behalf of the plan to remedy breaches of fiduciary duty and other violations of ERISA for monetary and appropriate equitable relief.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

3.2    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because it is a civil action arising under the laws of the United States, and exclusive jurisdiction under ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.3    This Court has personal jurisdiction over Defendants because they transact business in this District, reside in this District, and/or have significant contacts with this District, and because ERISA provides for nationwide service of process.

3.4    Venue is proper in this District pursuant to ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in this District, many violations of ERISA took place in this District, and Defendants conduct business in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiffs reside in this District and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## IV.    STATEMENT OF FACTS

4.1    OPC is the sponsor and Plan Administrator of the Plan. As such it is a fiduciary under ERISA for purposes of filing claims on behalf of the Plan. The Plan provides medical and prescription drug benefits, a health reimbursement arrangement, a minimum essential coverage plan, a health flexible spending account, dental, vision, group life and accidental death and dismemberment benefits, and short-term and long-term disability benefits to employees. It is subject to ERISA.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4.2    Prior to October 1, 2023, the Plan was fully insured. Marsh & McLennan was the broker for the insured product and was a party-in-interest under ERISA. After October of 2023, Marsh & McLennan provided brokerage and consulting services to the Plan and, as such, was a party-in-interest as defined by ERISA.

4.3    In 2023, Marsh & McLennan and Strong presented a PowerPoint proposal to OPC to change the Plan from a fully insured plan to a guaranteed level funded premium plan. Under the proposal as marketed, OPC would commit to pay a level amount towards benefits for two years and Strong and Marsh & McLennan guaranteed that such payments would be sufficient to pay the claims under the Plan. The level funding was to be achieved through four sources: (1) a level employer-paid premium that was to be utilized to pay medical claims; (2) a level HRA employer-paid premium that was utilized to reimburse employee deductibles in excess of $200 and to pay medical claims; (3) stop loss insurance through Breckpoint with both individual and aggregate attachment points to ensure that large claims would not cause the guaranteed level to be exceeded; and (4) a level employer paid program and banking management fee paid to Strong and Pinnacle Peak to manage the stop loss and to smooth out claims over the two-year period by using such funds to pay medical or HRA claims with any balance remaining at the end of the two-year period to be paid to Strong and Pinnacle Peak and any deficit to be restored by Strong and Pinnacle Peak.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4.4     Based on the PowerPoint presentation, OPC agreed to the two-year guaranteed level funding program marketed by Strong and Marsh & McLennan. The program was to begin on October 1, 2023, and end on September 30, 2025.

4.5     Pinnacle Peak's and Strong's job was to manage the stop loss insurance, the ERISA Medical Plan premium, the ERISA HRA premium, and the management and banking fee to ensure that all employee claims for the year were satisfied at a level cost to OPC. Marsh & McLennan's job was to manage the brokerage relationships.

4.6     While the initial 2023 disclosure indicated a banking and services management fee of approximately $1,033,020 to Strong and Pinnacle Peak, it was OPC's understanding from the Marsh & McLennan PowerPoint presentation that this fee was to be utilized to guarantee the level funding should Plan experience prove unfavorable. The fees the Plan paid to Marsh & McLennan through Pinnacle Peak were labeled "Pinnacle Peak Administrators provides banking and program management services for level and self-funded plans." Strong and Pinnacle Peak would manage these funds, the HRA relationship, the banking relationship and the stop loss insurance to ensure that claims were paid and that the OPC costs would be contained.

4.7     Strong and DWS are Plan fiduciaries under ERISA because they (1) had management authority over the assets of the Plan, (2) exercised discretion over Plan assets.

4.8     Strong and Pinnacle Peak are also service providers to the Plan because they provided consulting services to the Plan.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4.9     The Plan has no contractual relationship with either Strong or Pinnacle Peak, other than an HRA contract with DRC. Marsh & McLennan, through its "guaranteed level premium" program, utilized its position as a service provider to cause the Plan to enter into a transaction with Strong and DWS.

4.10    In July of 2024, OPC received a renewal from Marsh & McLennan. The renewal stated that it was a "level-funded/self-funded medical plan increase = 0%." Marsh & McLennan did not notify OPC of any issues with respect to claims or expenses under the Plan.

4.11    At the end of the first plan year, Strong and Marsh & McLennan reported in September of 2024 and then again in November of 2024 that both the ERISA Medical Plan and the ERISA HRA funding balances were positive. Medical claims funding was reported to be in the positive by $331,448.98 and HRA funding was reported in the positive by $488,997.15, for a total of $820,442.13.

4.12    After seeing these positive reports, OPC began to question the need for the program management fee and banking management fee paid to Strong as these fees were not being utilized to guarantee the level funding.

4.13    In late 2024, OPC began to contact brokers about moving from the "guaranteed level premium" at the end of the second year term. The brokers OPC contacted began to question the fees paid and the services provided for those fees.

4.14    In April of 2025, when OPC began to receive the fee disclosures for the Plan Year 2023 IRS Form 5500 filing, it became aware of the full extent of the compensation that was being paid to Strong and DWS. The Plan Year 2023 Form

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

5500 indicates that DWS d/b/a Pinnacle Peak received $1,718,081 in compensation as the "Contract Administrator" and that DRC received another $203,136 as the claims administrator for the ERISA HRA, a total of $1,921,217. In addition to these fees, on information and belief, Strong received additional broker commissions on products administered or marketed through Marsh & McLennan, Vimly, and Breckpoint.

4.15    For the plan year ending September 30, 2025, Strong and DWS received over $800,000 in additional fees, totaling approximately $2.7 million in fees for the two-year guaranteed term.

4.16    After reviewing the Form 5500 disclosures and talking to other brokers, OPC formally notified Strong, on May 22, 2025, that they were terminating their relationship and that USI was appointed the new broker of record as of August 1, 2025. At this time, there was never an indication of any funding problems with either the ERISA Medical Plan funding or the ERISA HRA funding.

4.17    On May 30, 2025, Strong and Marsh & McLennan notified OPC that there was a problem with the ERISA Medical Plan funding through Premera. However, Marsh & McLennan quickly reported that the issue was cured and did not mention any other issues or large claims. OPC, nevertheless, asked Strong and Marsh & McLennan for confirmation of the funding with Premera and also asked for a cash-flow report for the Plan. OPC received a confirmation of funding from Premera but never received the requested cash flow report from Strong, Pinnacle

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Peak or Marsh & McLennan.  In fact, OPC received no other communications from Strong or Pinnacle Peak for the next three months.

4.18   On September 3, 2025, OPC disbursed funds of $764,024.85, to fund the monthly medical claims, and $207,790, to fund the monthly HRA claims. On September 12, 2025, OPC received an email from Strong indicating that the Plan had a deficit balance between the ERISA Medical Plan and the ERISA HRA of negative $638,224.64 and he had instructed Premera to redirect all medical claims to OPC and DRC to no longer pay any claims.

4.19   The ERISA HRA account statements indicate that on September 8, 2025, Strong used his discretion to transfer the $207,790 from the ERISA HRA account into the general OPC medical account. This account was referred to on Strong's spread sheet as an "LF" account or level funded medical account. After the transfer, the HRA account had a positive balance of $871,397.53, but Strong used his management authority to stop the processing of all HRA claims. Before the transfer, the ERISA HRA had a positive account balance of $1,079,187.

4.20   Despite holding positive assets in the amount of at least $871,397.53, DRC has refused to process HRA claims and has told Plan participants to send their claims directly to OPC. However, OPC does not have the claim information and the claims system necessary to process such claims. OPC has told DRC that DRC must process such claims and, if it is refusing to pay the processed claims, forward the processed claims to OPC for OPC to pay the claims once processed to mitigate damage to its employees. The HRA processing fee is approximately $16,800 a month. The assets are more than sufficient to pay the processing fee.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4.21    Because Premera is the claims processor of the medical claims under the ERISA Medical Plan, OPC has been funding the medical claims directly with Premera to mitigate damages and to protect its employees. To date, OPC has paid approximately $2,046,000 to Premera to process the claims.

4.22    Strong, ironically through the Plan's own counsel, Mr. Cicotte, has advised OPC that Strong does in fact have custody of certain funds that belong to the Plan, presumably at least the ERISA HRA account balance of $871,397.53. Mr. Cicotte has advised OPC that Strong intends to keep the assets until he receives an additional $1.5 million from OPC. Such advice is clearly contrary to the best interests of the Plan participants. It is also unclear as to how Strong will use the $1.5 million once received (other than for his own benefit), as Premera is processing all medical claims from an account funded by OPC and DRC has refused to process or pay HRA claims.

4.23    Strong has no authority to utilize HRA assets for his own fees or benefit. The HRA funds were to be used exclusively to pay claims of Plan participants. The HRA funds must be immediately transferred to OPC to be utilized to pay claims of participants.

4.24    Strong has received excessive fees of over $2.7 million from the Plan and guaranteed level funding for the receipt of such fees. If there are additional claims to be paid, those claims should be paid from the excessive fees taken by Strong and not by the Plan participants or the Plan Sponsor. Strong has done nothing for the fees he has received other than to essentially bankrupt the Plan and

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

cause employees undue stress by failing to timely pay their medical and HRA claims.

4.25    Strong and Marsh & McLennan misrepresented the nature and purpose of the fee labeled "Pinnacle Peak Administrators provides banking and program management services for level and self-funded plans," causing excessive fees to be paid, breaching a fiduciary duty, and causing the Plan to enter into transactions prohibited by ERISA.

## V.    FIRST CAUSE OF ACTION

**For Equitable Relief under ERISA Section 502(a)(3) – Preliminary Restraining Order, Preliminary Injunction, Equitable Accounting, Restitution (as to Defendants Strong and DWS)**

5.1    Plaintiffs reallege paragraphs 1.1 through 4.25.

5.2    Plaintiffs have established irreputable harm and success on the merits is likely.

5.3    OPC will likely prevail on its allegation that Strong and DWS have committed fiduciary breaches and prohibited transactions by causing excessive fees to be paid to themselves prior to ensuring that the claims of the Plan participants were satisfied.

5.4    Strong has indicated that he has stopped paying claims and that he has a right to retain all assets that are in an account, the legal owner of which is OPC. Strong has confirmed that the ERISA HRA account has received contributions of $871,397.53 over incurred but unpaid HRA claims, but Strong has, nevertheless, refused to process or pay outstanding HRA claims.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

5.5     Strong has used Plan assets that OPC remitted as contributions for the ERISA Medical Plan and ERISA HRA to pay excessive fees to himself and DWS prior to paying the incurred claims of participants.

5.6     Strong has failed to utilize his discretionary authority over banking and the management of the Plan to ensure that participant claims are paid and that the costs to the employer are contained.

5.7     Participants have and will continue to be irreparably damaged by the delinquent payment and/or failure to pay medical claims, including ERISA HRA claims.

5.8     OPC is requesting equitable relief, on behalf of the Plan, pursuant to ERISA 502(a)(3), including a preliminary restraining order, preliminary injunction, equitable accounting, restitution and the immediate transfer of the HRA funds to OPC, to be utilized to pay participant claims.

## VI.    SECOND CAUSE OF ACTION

**Relief under Section 502(a)(2) – Damages for Violation of Fiduciary Duties**

**under ERISA Section 404**

**(as to Defendants Strong and DWS)**

6.1     Plaintiffs reallege above paragraphs 1.1 through 5.8.

6.2     Strong and DWS have (1) exercised discretionary control over the banking and management of the Plan to cause excessive fees to be paid to Strong and DWS in lieu of covering the claims incurred by Plan participants; (2) failed to provide a proper accounting of claims and expenses to ensure that incurred claims would be paid; (3) failed to exercise banking and management discretion to ensure

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

cost containment for OPC and the payment of claims incurred by participants; (4) exercised discretionary control over the structure and management of the Plan to cause excessive fees to be paid to DWS, a company of which Strong is the sole owner; (5) received additional excessive fees through his discretionary management structure from Marsh & McLennan, Vimly and Breckpoint; (6) failed to exercise banking and management discretion to ensure only reasonable fees were being paid prior to the payment of outstanding claims; and (7) failed to manage the Plan for the exclusive purpose of providing benefits to Plan participants and their beneficiaries.

6.3    For violation of duties set forth in section 404 of ERISA, OPC seeks an immediate return of the HRA funds and additional damages, on behalf of the Plan, in the amount of incurred and expected medical and HRA claims that exceed the guaranteed level premium funding. Such amount is believed to be in excess of $2.1 million.

## VII.   THIRD CAUSE OF ACTION

### Relief under Section 502(a)(2) – Damages for Failure to Disclose and Misrepresentation

### (as to Defendants Strong and DWS)

7.1    Plaintiffs reallege above paragraphs 1.1 through 6.3.

7.2    Strong and DWS have (1) failed to fully and accurately disclose his relationship with entities providing services to the Plan and the compensation received from each; (2) failed to disclose the claim status while representing that the funding of the claims were guaranteed; (3) misrepresented to OPC and OPC

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

employees the financial structure of the Plan; and (4) misrepresented that the costs were contained and the funding level was guaranteed for two years.

7.3     For violation of duty to disclose and not to misrepresent, OPC seeks an immediate return of the HRA funds and damages, on behalf of the Plan, in the amount of incurred and expected ERISA Medical Plan and ERISA HRA claims that exceed the guaranteed level premium funding. Such amount is believed to be in excess of $2.1 million.

## VIII.  FOURTH CAUSE OF ACTION

### Relief under Section 502(a)(2) – Damages for Engaging in Transactions Prohibited under ERISA Section 406

### (as to all Defendants)

8.1     Plaintiffs reallege above paragraphs 1.1 through 7.3.

8.2     Defendants are service providers to the Plan. They used their status as a service provider and Strong's and DWS's status as a fiduciary to cause the Plan to enter into the following prohibited transactions: (1) the payment of excessive fees for services performed, and (2) the transfer of Plan assets for the use or benefit of a party-in-interest.

8.3     Defendants' actions caused Plan assets to be transferred and used to pay excessive fees to parties-in-interest.

8.4     Defendants' actions caused Plan assets to be transferred to their own account(s) rather than paying claims incurred by Plan participants.

8.5     For entering into transactions prohibited by ERISA section 406, OPC seeks an immediate return of the HRA Funds and seeks to bar Defendants from

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 17

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

performing services to the OPC Plan. OPC also seeks as damages, on behalf of the Plan, the amount of incurred and expected claims under the ERISA Medical Plan and ERISA HRA that exceed the guaranteed level premium funding. Such amount is believed to be in excess of $2.1 million.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against the Defendants as follows:

A.    For award and entry of judgment against Strong and DWS for a preliminary restraining order, restraining Strong and DWS from accessing or utilizing OPC or Plan assets that are currently under their dominion and control and from transferring such assets to any entity or individual other than to Premera, as claims administrator, or OPC as legal owner of such assets. In this regard, the ERISA HRA balance of $871,397.53 shall immediately be transferred to OPC as legal owner. Strong and DWS shall be further restrained from communicating with Plan participants about claims, other than referring such participants to a resource designated by OPC. However, Strong and DWS shall continue the processing of claims for payment under the ERISA HRA with payment of those claims being made by Premera or OPC, pending reimbursement and restitution of such funds by Strong and/or DWS.

B.    For award and entry of judgment against Strong and DWS for preliminary injunction, enjoining Strong and DWS from exercising any discretionary authority or control over the banking accounts or management of the Plan other than transferring assets to Premera, as claims administrator, OPC as the legal owner of assets, or processing claims for payment under the ERISA HRA.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 18

The ERISA HRA balance of $871,397.53 must be immediately be returned to OPC.

C. The preliminary restraining order and preliminary injunction shall remain in effect until Strong and DWS provide a full and complete accounting (and for 120 days thereafter) of the Plan, contributions received, its assets, its expenses, claims incurred or expected to be incurred, fees and expenses paid to Strong and/or DWS, including commissions and fees received from associated welfare benefits and insurance, such as stop loss insurance, life, dental, vision and disability insurance. The accounting shall be plan years 10/1/2023 to 9/30/2024 and 10/1/2024 to 9/30/2025 (or to the date of the accounting if earlier than 9/30/2025).

D. For an award and judgment against Strong and DWS for restitution, requiring Strong and DWS to repay to the Plan fees paid in an amount sufficient to satisfy any claims incurred, or expected to be incurred, by the participants in the ERISA Medical Plan and ERISA HRA from 10/1/23 through 9/30/25, as restitution and for unjust enrichment.

E. For an award and judgment against Strong and DWS pursuant to section 404 of ERISA, in the amount of incurred and expected ERISA Medical Plan and ERISA HRA claims that exceed the guaranteed level premium funding.

F. For an award and judgment against Strong and DWS for violation of the duty to disclose and not to misrepresent, in the amount of incurred and expected ERISA Medical Plan and ERISA HRA claims that exceed the guaranteed level premium funding.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 19

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

G.   For an award and judgment against all Defendants pursuant to ERISA section 406, barring Defendants from performing services to the Plan and ordering Defendants to pay as damages, on behalf of the Plan, the amount of incurred and expected claims under the ERISA Medical Plan and ERISA HRA that exceed the guaranteed level premium funding.

H.   For an award and entry of judgment against Defendants for all costs, litigation expenses, and reasonable attorneys' fees as may be allowed by ERISA section 502(g), 29 U.S.C. § 1132(g), and/or other federal law.

I.   For an award and entry of judgment against Defendants for pre- and post-judgment interest as provided by law.

J.   For such other and further equitable relief as the Court deems just and proper to remedy Defendants' ERISA violations.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 20

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 14th day of October, 2025.

Davis Wright Tremaine LLP
*Attorneys for Plaintiffs*

By: */s/ Richard J. Birmingham*
     Richard J. Birmingham, WSBA No. 8685
     920 Fifth Avenue, Suite 3300
     Seattle, WA 98104-1610
     Telephone: 206.622.3150
     Facsimile: 206.757.7700
     Email:  richbirmingham@dwt.com

By: */s/ Christine Hawkins*
     Christine Hawkins, WSBA No. 44972
     929 – 108th Avenue N.E., Suite 1500
     Bellevue, WA 98004-4786
     Telephone: 425.646.6100
     Facsimile: 425.646.6199
     Email:  christinehawkins@dwt.com

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES - 21

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those who have appeared in this action.

DATED this 14th day of October, 2025.

By: */s/ Richard J. Birmingham*

CERTIFICATE OF SERVICE - 1