FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OREGON POTATO COMPANY, a Washington State Corporation; and the OREGON POTATO COMPANY GROUP BENEFITS PLAN,<br>Plaintiff,<br><br>vs.<br><br>DARRELL STRONG, individually and his marital community, MARSH & McLENNAN AGENCY LLC, a Washington Limited Liability Company; and DWS HOLDINGS LLC, a Washington Limited Liability Company, d/b/a PINNACLE PEAK CONSULTANTS and DEDUCTIBLE REIMBURSEMENT COMPANY,<br>Defendant. | No. 4:25-CV-05139-MKD<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER<br><br>**ECF No. 45** |

Before the Court is the parties' Stipulated Motion for Entry of Protective Orders, ECF No. 45. The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS ORDERED:**

1. The parties' Stipulated Motion for Entry of Protective Orders, **ECF No. 45**, is **GRANTED**.

## PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

### 2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a) Fee schedules;

(b) Contracts and agreements containing confidential or competitively sensitive information;

(c) Materials reflecting names and account information of OPC participants and other sensitive personal information such as social security numbers;

(d) Materials reflecting personal health information;

(e) Requests for proposals (RFPS);

(f) Bids from service providers;

(g) Fee comparison studies;

(h) Market benchmarking reports; and

(i) Commissions payments, comparison reports, or schedules.

By stipulation of the parties or court order, this list may enlarge in the event that a party identifies material not included in the above description which is entitled to protection and is otherwise discoverable.

**3. SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also: (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain

through trial or otherwise.

**4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1. Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably

necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, Court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) Stenographic reporters and videographers; and

(i) Any mediator appointed by the Court or selected by the parties;

(j) any person whose testimony is relevant to the claims or defenses in this matter, so long as that person has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

4.3 Filing Confidential Material. Before filing confidential material or discussing or referencing such material in Court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 exercise of restraint and care in designating material for protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins);

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference; and

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose

(*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately: (a) notify in writing the

designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**10. NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival

copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

# FEDERAL RULES OF EVIDENCE 502(d) ORDER

Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

## SUPPLEMENTAL HIPPA QUALIFIED PROTECTIVE ORDER

### 1. PURPOSE

This Stipulated Supplemental HIPAA Qualified Protective Order (the "HIPAA Protective Order") incorporates by reference and supplements the Stipulated Protective Order entered in this action. Except as specifically supplemented herein, all provisions of the Stipulated Protective Order shall remain in full force and effect.

The purpose of this HIPAA Protective Order is to facilitate the production, exchange, and use of Protected Health Information, as that term is defined in Paragraph 2(a). Further, all Protected Health Information, whether in the form of documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed voluntarily or in response to a request made by a party in this proceeding, including as part of settlement discussions or negotiations, is also subject to all requirements and limitations applicable to Confidential Information set forth in the Stipulated Protective Order.

### 2. DEFINITIONS

(a) "Protected Health Information" has the same scope and definition as set forth in 45 C.F.R. § 160.103 as well as any individual health information

protected by state or federal law. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member, to the extent it is linked to Protected Health Information as defined in 45 C.F.R. § 160.103:

- names;
- all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
- all elements of dates (except year) for dates directly related to an

individual, including birth date, admission date, discharge date, age, and date of death;

- telephone numbers;
- fax numbers;
- electronic mail addresses;
- social security numbers;
- medical record numbers;
- health plan beneficiary numbers;
- account numbers;
- certificate/license numbers;
- vehicle identifiers and serial numbers, including license plate numbers;
- device identifiers and serial numbers;
- web universal resource locators (“URLs”);
- internet protocol (“IP”) address numbers;
- biometric identifiers, including finger and voice prints;
- full face photographic images and any comparable images;
- any other unique identifying number, characteristic, or code; and
- any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is the

subject of the information.

(b) A "Covered Entity" has the same definition as set forth in 45 C.F.R. § 160.103.

## 3. PRODUCTION, USE, AND DISCLOSURE OF PROTECTED HEALTH INFORMATION

Paragraphs 3(b) through 3(i) provide requirements for the production, use, handling, and disclosure of Protected Health Information. These Paragraphs are in addition to the requirements set forth in the Stipulated Protective Order. In the event Paragraphs 3(b) through 3(i) conflict with any provision in the Stipulated Protective Order regarding the production, use, handling, and disclosure of Protected Health Information, Paragraphs 3(b) through 3(i) shall govern.

In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (see Pub. L. 104-191, 110 Stat. 1936), specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) and 164.512(e)(1)(v)-(vi), the Court hereby institutes this HIPAA Protective Order as a HIPAA Qualified Protective Order as that term is defined in these statutes and regulations.

The parties are authorized (i) to disclose Protected Health Information in their possession, custody, or control in connection with this litigation and (ii) to request and subpoena Protected Health Information from other parties and other

Covered Entities through discovery. The parties (and nonparties, including Covered Entities, providing discovery pursuant to subpoenas from the parties) are authorized to provide discovery as described below in Paragraph 3(g) of this HIPAA Protective Order and in Paragraph 4.2 of the Stipulated Protective Order, to the extent such information is otherwise discoverable. Accordingly, the parties (and nonparties, including Covered Entities, providing discovery pursuant to subpoenas from the parties) may produce Protected Health Information without consent of the patient/insured/member or his or her legal representative and without providing notice to the patient/insured/member.

All Protected Health Information produced or disclosed in this case shall be used solely for the prosecution or defense of this case (including any appeal therefrom), and shall not be used for any other purpose.

Protected Health Information must be designated when disclosed or produced. The producing party (and nonparties, including Covered Entities, providing discovery pursuant to subpoenas from the parties) shall designate Protected Health Information as follows: (i) in documents by affixing the words "CONFIDENTIAL PROTECTED HEALTH INFORMATION" to each page that contains Protected Health Information; and (ii) in other tangible items, by affixing the words "CONFIDENTIAL PROTECTED HEALTH INFORMATION" in a prominent place on the exterior of the container or containers in which the

information or item is stored. The parties (and nonparties, including Covered Entities, providing discovery pursuant to subpoenas from the parties) shall designate Protected Health Information in testimony by identifying on the record, during the deposition or other pretrial proceeding, all testimony containing Protected Health Information, without prejudice to the right to so designate other testimony within fifteen days after receiving the transcript.

The parties also seek to ensure that any person who receives and stores Protected Health Information in connection with this litigation will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Protected Health Information, and to prevent unpermitted use or disclosure of any Protected Health Information they may receive from any person in connection with this litigation. At the conclusion of this action, Protected Health Information will be securely returned or destroyed pursuant to Paragraph 10 of the Stipulated Protective Order.

Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Protected Health Information only to those identified in Paragraph 4.2(a) through (j) of the Stipulated Protective Order.  A receiving party may not disclose Protected Health Information to a person identified in Paragraph 4.2(c), (f), or (g) of the Stipulated Protective Order

unless that person has signed the "Acknowledgement and Agreement be Bound" (Exhibit A) for both the HIPPA Protective Order and the Stipulated Protective Order.

The parties shall not publicly file documents containing Protected Health Information or submit such documents to the Court, or reproduce their contents in any public filing, unless all Protected Health Information has been removed, redacted, or de-identified in compliance with HIPAA. Before a document containing Protected Health Information is filed under seal, the filing party shall remove, redact, or de-identify such Protected Health Information unless the filing party reasonably believes the Protected Health Information is needed in its original form in the under seal filing. Each party has an independent obligation to review material that it plans to file with the Court to ensure that any Protected Health Information is protected as required by this HIPAA Protective Order.

Nothing contained in this HIPAA Protective Order authorizes the parties to obtain medical records or Protected Health Information through means other than formal disclosure of documents, discovery requests, subpoenas, depositions, patient authorizations, or attorney-client communications. Moreover, the parties may seek from this Court additional protection from the disclosure and use of any documents and information for which they believe this HIPAA Protective Order does not provide adequate protection or with respect to documents and information

they believe are not subject to disclosure pursuant to applicable statutes, rules, regulations, or other applicable law.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to the parties.

DATED September 14, 2026.

s/Mary K. Dimke
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of ____________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington in the case of *Oregon Potato Company, et al. v. Darrell Strong, et al.*, Case No. 4:25-cv-05139-MKD.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:___________________________

City and State where sworn and signed:_____________________________

Printed Name:________________________________

Signature:____________________________________

EXHIBIT B

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of ___________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Supplemental HIPAA Qualified Protective Order that was issued by the United States District Court for the Eastern District of Washington in the case of *Oregon Potato Company, et al. v. Darrell Strong, et al.*, Case No. 4:25-cv-05139-MKD.

I agree to comply with and to be bound by all the terms of this Stipulated Supplemental HIPAA Qualified Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Supplemental HIPAA Qualified Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Supplemental HIPAA Qualified Protective Order.

I understand and agree that all Protected Health Information, as defined in the Stipulated Supplemental HIPAA Qualified Protective Order, is subject to state and federal statutory and regulatory privacy and security standards, including but not limited to the Health Insurance Portability and Accountability Act of 1996

("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164.

By executing this Agreement, I agree that I will only use or disclose Protected Health Information in connection with this case only for prosecuting, defending, or attempting to settle this litigation. I also agree that I will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Protected Health Information, and to prevent non-permitted use or disclosure of any Protected Health Information I receive from any person in connection with this case.

At the conclusion of this action, I will promptly return to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Protected Health Information, or securely destroy or delete, all Protected Health Information that comes into my possession, as well as any hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Health Information. I understand that my obligations pertaining to the Protected Health Information continue even after the conclusion of the action.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this

Stipulated Supplemental HIPAA Qualified Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:____________________________

City and State where sworn and signed:_____________________________

Printed Name:_________________________________

Signature:_____________________________________